IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRYAN ROLAND HOITT #108066 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv396 |
| GREGG COUNTY SHERIFF'S OFFICE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Gregg County Jail proceeding *pro se*, filed two separate civil rights complaint forms alleging violations of his civil rights in jail. The complaints were originally filed as initial pleadings in two separate lawsuits, but the cases were consolidated upon confirmation that Plaintiff had intended to file a single suit. (Dkt. #6.) This case is the operative matter, and it is referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. The second suit, opened in error, has been administratively closed. (*Id.*)

On August 28, 2023, the Court ordered Plaintiff to file a single, comprehensive amended complaint in this matter within thirty days of receipt. (Dkt. #6.) The order expressly cautioned that failure to comply could result in dismissal of this case. (*Id.* at 2.) Plaintiff has failed to comply or to take any other action to prosecute this case since that time.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that

plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with the Court's order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with an Order of the Court and failure to take the steps necessary to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 17th day of October, 2023.**

JOHN D. LOVE
2    UNITED STATES MAGISTRATE JUDGE